Lowy, J.
(concurring, with whom Gants, C.J., joins). I agree that the ten-print card qualifies for the business record exception to the rule against hearsay. However, I write separately because the card in this case involves two levels of hearsay: the ten-print card itself and the information provided by the individual to fill out the card. I believe the court does not precisely address each level.
The business records exception to the rule against hearsay allows information recorded for a business purpose and contained in a business record in evidence for its truth. See Mass. G. Evid. § 803(6)(A) (2017). This rule includes out-of-court statements: if the statement is recorded for a business purpose and the individual making the statement does so for a business purpose, the statement is admissible for its truth. See id. If an out-of-court statement contained in a business record is not made pursuant to a business purpose, it still may be admissible if the out-of-court statement is recorded for a business purpose and the statement falls within another hearsay exception or exclusion. As the court points out, an arrestee’s legal obligation does not equate with a business purpose.
However, I believe that the information provided to fill out the ten-print card fell within the hearsay exclusion for an opposing party’s statement. Mass. G. Evid. § 801(d)(2)(A) (2017). For the reasons stated by the court, including the defendant’s legal obligation to provide identifying information, the totality of the circumstances established a more than adequate basis for the judge to conclude — as a preliminary question of fact on which admissibility depends and as a matter of conditional relevance — that Corbin was the individual who provided the information. See Mass. G. Evid. § 104(a), (b) (2017). The ten-print card was properly admitted because the information in the ten-print card was admissible under an exclusion from the rule against hearsay, and the ten-print card was admissible as a business record. Mass. G. Evid. §§ 801(d)(2)(A), 803(6)(A).